The People of the State of Illinois, Appellee, v. Alvin Chandler, Appellant.

Gen. No. 52,063.

First District, Fourth Division.
November 20, 1967.

William Woloskin, of Chicago, for appellant.

John J. Stamos, State's Attorney of Cook County, of Chicago (Elmer C. Kissane and James S. Veldman, Assistant State's Attorneys, of counsel), for appellee.

MR. JUSTICE McCORMICK delivered the opinion of the court.

The defendant, Alvin Chandler, and Moczarney Martin were charged in an indictment with the crime of unlawful sale of narcotics. The jury was waived; there was a joint trial before the court, and both defendants were found guilty. Martin took a separate appeal, and the judgment of the trial court was affirmed in People v. Martin, 63 Ill App2d 492, 211 NE2d 753. In that case the court gave a detailed summary of the evidence which was presented before the trial court, and we do not think it is necessary to repeat it in this opinion.

Charles Perry, a police informer, testified. In this court the defendant, Chandler, argues that the testimony of Perry was not corroborated and was not sufficient, standing alone, to sustain the conviction. It is also argued that the testimony of Perry—an admitted addict and police informer—must be closely scrutinized, and that while the State's evidence places Chandler at the scene of the crime, that fact in and of itself does not establish Chandler's guilt in participating in the sale of narcotics.

Perry testified that he met Martin on the corner of Madison and Leavitt Streets, Chicago, and indicated to him that he was interested in obtaining narcotics. After they waited on the corner for a few minutes Chandler joined them and was told by Martin that Perry was interested in obtaining narcotics. Chandler told Perry to turn his money over to Martin, after which he left, returning shortly with a tinfoil packet which later proved to contain heroin. Perry then turned the packet over to police officers who had been waiting in a squad car in the vicinity, and pointed out the two men, Chandler and Martin, to the police.

Officer Johnson testified that he saw Perry approach Martin and talk to him, then saw Chandler join them; that he saw Perry hand something to Martin, although

he was not close enough to see what it was; and that he saw Chandler leave the other two for a short time and return, after which the three split up and Perry returned to the police with a packet of narcotics he had not previously possessed. This testimony is corroborated by that of Officer Jackson. When Martin was arrested the marked money used in the transaction was found on his person.

We adopt the opinion in People v. Martin, supra, at pages 496 through 498, where the court concluded by agreeing with the following statement of the trial judge:

> "I think the testimony of the informer, who has a record, but was under constant surveillance by the police officers, is true, and he is substantiated by the police officers. True, he is not a man of high principles and character. You can't get a man of that kind to make a purchase for you in this kind of a situation.

> "I think his testimony was sufficiently corroborated by the police officers to find both of these men guilty of sale. That will be the finding."

The judgment is affirmed.

Affirmed.

ENGLISH, P. J. and DRUCKER, J., concur.